In re Russell Harold CARPENTER and Judy R. Carpenter, Debtors.

## PIONEER BANK AND TRUST CO., Plaintiff,

v.

## Russell Harold CARPENTER, et al., Defendants.

Bankruptcy No. 82–0424.
(Bankruptcy No. 81–01348).

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 1, 1982.

S. Scott Schwab, Toledo, Ohio, for plaintiff.

Denise Herman McColley, Napoleon, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the Complaint for Relief from Stay filed by Pioneer Bank and Trust Company (Pioneer Bank). This problem arose when Pioneer Bank failed to timely file a proof of claim indicating its secured status prior to the conclusion of the Debtors' Chapter 13 first meeting of creditors pursuant to Bankruptcy Rule 13–302(e)(1). The Chapter 13 Plan proposes to pay only ten percent (10%) to all unsecured creditors (and those secured who do not timely file proofs of claim), Pioneer Bank is therefore seeking relief from stay on the ground that it is not adequately protected.

As Bankruptcy Rule 13–302(e)(1) states, a secured creditor who has not timely filed a proof of claim shall be treated as an unsecured creditor for purposes of voting and distribution only. Hypothetically, if this Chapter 13 case was to be dismissed, Pioneer Bank would clearly have the same secured status which it enjoyed prior to the Bankruptcy filing. Pioneer Bank does not actually lose its secured status because it failed to timely file its claim; it is unsecured solely for purposes of voting and distribution.

Under the Bankruptcy Code, if a secured creditor believes it is not being adequately protected, it can file a Complaint for Relief From Stay. If it is shown to the Court that the value of the security is less than the amount to be paid the secured creditor, there is no adequate protection; the Court should grant the requested relief to enable the creditor to repossess its security. However, if it is shown that the value of the security is greater than the amount owed, there is adequate protection, and the Court may deny relief. (See Bankruptcy Code Section 362(d)(1).)

In this particular case, the claim of Pioneer Bank is One Thousand Five Hundred Eighty-six and 74/100 Dollars ($1,586.74), and is secured by a 1979 Suzuki motorcycle. Under the ten percent (10%) distribution plan, Pioneer Bank would receive only One Hundred Fifty-eight and 67/100 Dollars ($158.67).

No evidence was offered by either party as to the value of this motorcycle; however, it is clear that the redeemable value of the motorcycle would be greater than One Hundred Fifty-eight and 67/100 Dollars ($158.67). Since the Debtors would be paying less than that amount required to adequately protect Pioneer Bank, this Court

must grant its Complaint for Relief from Stay.

Although Pioneer Bank placed itself in the position of having to receive a ten percent (10%) distribution, this Court can not disregard the sections of the Code that fall outside the 1300 series. For the foregoing reasons, it is

ORDERED that Plaintiff's Complaint for Relief From Stay be GRANTED.

It is FURTHER ORDERED that service of this Order shall be made by the Deputy Clerk of this Court mailing copies of same to all parties in interest and counsel of record in the above adversary proceeding.