**In re Virgil HAGER, Debtor.**

**Bankruptcy No. 80–00200.**

United States Bankruptcy Court,
N.D. New York.

June 30, 1986.

Goldberg, Harding & Talev, Syracuse, N.Y., for debtor; Harold P. Goldberg, of counsel.

Louis N. Blatt, Buffalo, N.Y., for James F. Lattner.

Warren V. Blasland, Syracuse, N.Y., trustee.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Virgil Hager ("Debtor") seeks an order discharging of record a judgment lien of James F. Lattner ("Lattner") filed with the County Clerk of Oswego County, New York on or about December 20, 1979. Debtor initially filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. ("Code"), on February 21, 1980. While Lattner's counsel asserts otherwise, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. As matters relevant to this case have been before the Court on a number of prior occasions, complete recitation of pertinent facts is unnecessary.

The Debtor sold his chiropractic and masseur practice to Lattner for $35,000.00 in 1975. As part of the sale, Debtor agreed not to practice in competition with Lattner in a designated area. Debtor proceeded to violate the agreement, and was promptly sued by Lattner in the New York Supreme Court of Oswego County. After a four day jury trial presided over by Justice Conway, judgment of $28,000.00 was rendered on Lattner's behalf, and Debtor was enjoined from practice in a specified geographic area.

On April 8, 1980, Lattner commenced his adversary proceeding against Debtor objecting to the dischargeability of this judgment pursuant to Code § 523(a)(2). By order of the Honorable Leon J. Marketos, Bankruptcy Judge, dated December 2, 1980, this complaint was dismissed. Judge Marketos noted a Chapter 13 debtor's ability to receive a "super discharge" against debts otherwise qualifying for exception from discharge under Code § 523(a). The clear language of Code §§ 1328(a) and 523(a) indicate the recited exceptions to discharge (other than Code § 523(a)(5)) apply only to discharges granted under Code §§ 727, 1141, and 1328(b). *In re Hager, (Lattner v. Hager)*, No. 80–00200, Adv. No. 80–0038 (Bankr.N.D.N.Y. Dec. 2, 1980) (Marketos, B.J.); *accord, In re McBride*, 4 B.R. 389, Bankr.L.Rep. (CCH), ¶ 67,658 (Bankr.M.D.Ala.1980).

Debtor's plan, as modified, was confirmed by the Court on April 30, 1980.

Lattner's debt was provided for in the plan, and apparently, certain disbursements paid him by the Trustee.[1]

Debtor has now completed his plan, and he seeks to have Lattner's judgment lien discharged. As grounds for this relief, Debtor alludes to Code § 522(f),[2] but primarily relies upon Code § 1327.[3] Lattner contests Debtor's request, relying upon certain jurisdictional arguments. Specifically, Lattner contends the Court lacks jurisdiction over the County Clerk of Oswego County so as to compel discharge of the judgment lien as of record. Further, were the Court to allow the relief Debtor seeks, such action would be contrary to the Full Faith and Credit provision of the United States Constitution, U.S. Const. Art. IV, § 1, and violative of the doctrine of *res judicata.*

## DISCUSSION

Pursuant to Code § 541, Debtor's Chapter 13 estate was vested with the same interest in property that Debtor had prior to commencement; in this case, real property subject to the judicial lien of Lattner. Debtor alleges that the real property in question, located in Oswego County, New York, " ... is occupied by the debtor and his wife who is not a debtor in these proceedings." Lattner's judgment lien allegedly " ... impairs an exemption to which debtor is otherwise entitled." However, these assertions, without more, are insufficient to sustain a motion under Code § 522(f), as the Court lacks information sufficient to determine the extent to which Lattner's judgment lien impairs an exemption so as to avoid the fixing thereof. Specifically, the Court lacks information as to the value of Debtor's interest in the property, above liens and encumbrances, which he seeks to exempt from the application of Lattner's money judgment? *See,* N.Y.Civ. Prac.Law § 5206(a) (McKinney 1978); N.Y. Debt. & Cred. § 282 (McKinney 1986 Pkt. Part). While Debtor's present motion, as far as the same relies upon Code § 522(f), lacks sufficient grounds justifying relief, Debtor is not forestalled from making a more complete application on this ground at a later date.

By operation of Code § 1327(b), the property of the estate (again, of an interest only so great as that originally held by Debtor) is shifted back to the Debtor. Debtor urges that by operation of Code § 1327(c), he takes a greater interest in the property than that held by the estate; i.e. he receives the real property free and clear of the judgment lien of Lattner.

Code § 1327(c) provides that estate property is vested in the Debtor " ... free and clear of any claim or interest of any creditor provided for by the plan." The Court has previously held the lien of a secured creditor provided for in a confirmed Chapter 13 plan survives confirmation of the plan. *In re Hetfield,* No. 80–00094 (Bankr. N.D.N.Y., October 3, 1983) [Available on

---

1. On June 19, 1980, Trustee initiated his adversary proceeding to recover a payment by Debtor to Lattner in violation of Code § 547. As part of the repayment of the state court judgment, Debtor had paid Lattner $10,000.00 some time between January 15, 1980 and February 1, 1980. The Trustee's preference action resulted in a full settlement, and by Order of the Court dated May 31, 1985, the Trustee was to pay Lattner $1,800.00.

2. Code Section 522 provides:
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

   (1) a judicial lien; ...

3. Code § 1327 provides:
   (a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.
   (b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.
   (c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

WESTLAW, FBKR–CS database] (Marketos, B.J.). The Court noted that even where the creditor failed to timely file a proof of claim, the creditor's lien survives the Chapter 13 discharge and is enforceable. *In re Hetfield, supra* at 4–5. *See also, Matter of Hines,* 20 B.R. 44 (Bankr.S.D.Ohio 1982); *In re Rebuelta,* 27 B.R. 137 (Bankr.N.D. Ga.1983); *Matter of Willey,* 24 B.R. 369 (Bankr.E.D.Mich.1982); *In re Carpenter,* 27 B.R. 29 (Bankr.N.D.Ohio 1982).

The Court primarily relied upon a decision where it was held that even though a secured creditor had failed to file a proof of claim in a Chapter 13 proceeding, its lien under a security agreement was unimpaired by confirmation of the plan. *In re Honaker,* 4 B.R. 415 (Bankr.E.D.Mich.N.D. 1980). In *Honaker, supra,* the court questioned "whether, by virtue of Section 1327(c), the debtor receives a greater interest than the estate had, in that the property is no longer subject to liens." *Id.,* at 417. In analyzing the language of the section, the *Honaker* court noted the Code's definitions of the terms "claim"[4] and "lien",[5] and noted the absence of a definition for the term "interest". The *Honaker* court surmised "it would be odd if Congress had chosen that undefined term ["interest"] to mean "lien", when they could have used the defined term "lien" and avoided uncertainty." *Id.,* at 417.

At least one United States Circuit Court has relied upon the *Honaker* decision in holding that a construction lien survived a confirmed Chapter 13 plan when 1) no objection was filed to the creditor's proof of secured claim prior to confirmation, 2) the claim was deemed allowed as a secured claim, even though the plan treated the claim as unsecured, and 3) the creditor failed to object to the plan. *In re Simmons,* 765 F.2d 547 (5th Cir.1985). To allow removal of the creditor's lien "would have the Debtor materially improve his financial position, by unencumbering [secured] assets, through the simple expedient of passing his property through the estate.

This result has little to recommend it." *Id.* at 555, *quoting, In re Honaker, supra* at 417. Hence, Code § 1327(c) does little to afford Debtor his requested relief, and thus his motion, in its present form, must be denied.

Lattner's counsel has raised various arguments concerning the Court's jurisdiction in this matter. While a complete recitation of a Bankruptcy Court's powers is beyond the scope of this decision, counsel is invited to initially review U.S. Const. Art. I., § 8, cl. 4, and Art. VI, cl. 2., as well as the provisions of the United States Code originally referred to herein.

By reason of the foregoing, it is

ORDERED:

1. Debtor's motion to discharge of record the judgment lien of James F. Lattner is denied. Debtor may bring a subsequent motion pursuant to Code § 522(f) to determine the extent, if any, Lattner's lien affects an exemption to which Debtor is entitled.