### In re Virgil HAGER.

No. 87–CV–540.
Bankruptcy No. 80–0020.

United States District Court,
N.D. New York.

Aug. 22, 1988.

---

Louis N. Blatt, Buffalo, N.Y., for appellant, James F. Lattner.

Goldberg, Harding & Talev, Syracuse, N.Y. (Harold P. Goldberg, of counsel), for respondent, Virgil Hager.

## ORDER

McAVOY, District Judge.

Appellant, James F. Lattner, appeals from a decision of the United States Bankruptcy Court for the Northern District of New York, which vacated his judgment against Debtor, Virgil Hager, insofar as it exceeded the sum of $1,250.98.

In 1975, Debtor, Virgil Hager, sold his chiropractic and massage practice to James Lattner, and agreed not to compete with Lattner within a specified area. Hager violated the noncompetition clause and was sued by Lattner, who was awarded damages of $28,000. On December 20, 1979, Lattner recorded his judgment with the County Clerk of Oswego County, New York. On February 21, 1980, Hager filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. ("Code") Section 1301 et seq.

After confirmation of his plan, Debtor moved to discharge Lattner's judgment lien pursuant to Section 522(f)[1] and Section

---

1. For text of 11 U.S.C. Section 522(f), see *infra*  p. 586.

1327 [2] of the Code. By order dated June 30, 1986, the bankruptcy court denied Debtor's motion to discharge pursuant to Section 1327. Memorandum–Decision and Order, *In re Hager*, 65 B.R. 27, 29 (Bankr.N. D.N.Y.1986) The court found Debtor's assertions insufficient to sustain a motion under Section 522(f), but granted leave to file a motion pursuant to that section at a later date. *Id.* at 29.

On July 14, 1986, Debtor filed a motion to vacate the judgment, arguing that the judgment impaired a homestead exemption to which he was otherwise entitled pursuant to Code Section 522(f). A hearing was held on September 29, 1986 and the parties were given an opportunity to present evidence, cross-examine, and submit memoranda. On March 31, 1987, the bankruptcy court issued a decision which voided Lattner's judgment "insofar as it constitutes a lien on and impairs Virgil Hager's homestead exemption ... except to the extent of $1,250.98." Memorandum–Decision, Findings of Fact, Conclusions of Law, and Order, *In re Hager*, 74 B.R. 1198, 202 (Bankr. N.D.N.Y.1987) (hereinafter Memorandum– Decision). James Lattner appeals from this decision.

## DISCUSSION

A bankruptcy judge's findings of fact may not be set aside unless clearly erroneous, Fed.R.Bankr.Pro. 8013; conclusions of law, however, are subject to independent review. *In re Allied Artists Pictures Corp.*, 71 B.R. 445, 448 (S.D.N.Y.1987); *In re Johns–Manville Corp.*, 68 B.R. 155, 158 (S.D.N.Y.1986).

**Bankruptcy Judge's Decision:** Prior to September 1980, Debtor worked as a chiropractor and part-time minister in the American Baptist Ministry. Memorandum Decision at 199. When his petition was filed,

Debtor and his wife, who was not a debtor, owned real property on U.S. Route 11 North, Pulaski, Oswego County, New York. Memorandum–Decision at 199. Debtor's appraiser, who qualified as an expert witness, testified that, as of February 1980, the property

contained improvements of a single family frame home.... The lower level of the building consisted of an office, reception area, two (2) small rooms, a half bath, living room, a second half bath, dining room, kitchen with eating area, family room, and laundry room. A second level consisted of three (3) bedrooms and two bathrooms.

Memorandum–Decision at 200. Debtor and his spouse had lived in the building since it was completed in 1976. Memorandum–Decision at 199 and 200. The appraiser also testified that approximately 400–450 square feet of the total 3,057.96 square feet was dedicated to office facilities. *See* Memorandum–Decision at 200 and 201. According to the appraiser, the value of the property as of February 11, 1980 was $76,- 975.00. Memorandum–Decision at 4. In 1979 the Oswego County Savings Bank held a first mortgage on the property with a balance of $57,846.77. Memorandum–Decision at 199. At the time he filed his petition, Debtor used the office to render chiropractic and massage services. Memorandum–Decision at 200. The office was accessible through a separate entrance which was used by Debtor's patients. Memorandum–Decision at 200.

■ Debtor argued that the judgment impaired a homestead exemption to which he was entitled. 11 U.S.C. Section 522(f) provides, in part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien im-

---

**2.** 11 U.S.C. Section 1327 provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirma-

tion of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

pairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—

(1) a judicial lien

Section 522(b) provides, in part:

[A]n individual debtor may exempt from property of the estate either (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor ... does not so authorize.

New York has opted out of the exemption scheme provided in Section 522(d); in its place, the real property exemptions of New York Civil Practice Law and Rules ("C.P.L.R.") Section 5206 apply. *See* N.Y. Debt. & Cred. Section 282 (McKinney Supp. 1988). C.P.L.R. Section 5206 provides a homestead exemption for "a lot of land with a dwelling" if the property does "not excee[d] ten thousand dollars in value above liens and encumbrances [and is] owned and occupied as a principal residence." N.Y.C.P.L.R. Section 5206 (McKinney Supp.1988). Personal exemptions are determined as of the date the petition for relief is filed. *In re Bartoszewski*, 36 B.R. 424 (Bankr.N.D.N.Y.1984).

The bankruptcy judge held that he lacked jurisdiction over Debtor's spouse, who was not a debtor. He also found that the judgment was taken against Debtor individually and served as a lien only against his interest in the property, thus excluding from consideration equity belonging to Debtor's spouse. *See* Memorandum–Decision at 200–01. The judge then found that 86.92 percent of the property was used as a principal residence. *See* Memorandum–Decision at 201. The judge calculated the exemption on the residential portion of the building and found no equity beyond the $10,000 exemption to which Lattner's judgment lien could attach. Memorandum–Decision at 201. As to the remaining 13.08 percent of the building that was used for business purposes, the judge found that Debtor's equity was $1,250.98, and held that Lattner's lien attached in that amount. Memorandum–Decision at 202. The judge then vacated Latt-

ner's lien insofar as it exceeded $1,250.98. Memorandum–Decision at 202.

**Appellant's Arguments:** On appeal, Lattner raises four arguments: (1) Debtor failed to produce qualified testimony as to the value of the property or sufficient evidence of its use as a principal residence; (2) Debtor failed to move for determination of the exemption prior to completion of the plan, and, therefore, waived the exemption; (3) consideration of Debtor's second motion to vacate the judgment lien was barred by res judicata and collateral estoppel; and (4) Lattner was deprived of due process.

■ Appellant's first argument—that the Debtor failed to produce qualified testimony as to the value of the property or evidence showing use of the property as a principal residence—is without merit. Debtor produced an expert who appraised the property and testified to its value. Appellant has failed to indicate the manner in which the appraisal was deficient. As for use of the property as a principal residence, the court found:

The property was used by Debtor as his principal residence, at the time of his filing, **there being no evidence presented by Lattner supporting a contrary claim.** However, it is likewise true that Debtor specifically designed the building to serve not only as his home, but also as the situs for the transaction of his business. In fact, Debtor used a portion of the premises for business purposes at the time of filing....

Memorandum–Decision at 201 (emphasis added). Appellant argues that Virgil Hager's testimony does not support the judge's finding that the property was used as a principal residence. On direct examination, however, Hager stated he has lived in the house since it was completed in 1976. *See* Examination of Virgil Hager at 4. The judge noted that Lattner had produced no evidence to indicate that the house was not Debtor's principal residence. Appellant has failed to establish that the bankruptcy's judge's findings as to the value of the property or its use as a principal residence

were clearly erroneous.[3] Mere assertion of error does not relieve appellant of the burden of showing that the judge's findings were clearly erroneous. *See In re Checkmate Stereo & Electronics, Ltd.*, 21 B.R. 402, 410 (E.D.N.Y.1982).

Appellant's second argument appears to be that Debtor and the trustee failed to comply with a duty to assert the exemption prior to completion of the plan; as a result, appellant argues, the exemption is waived. As no law is cited in support of this argument, it will be given no further consideration.

Appellant's third argument is that Debtor's motion based on Section 522(f) was considered and rejected by the court on June 30, 1986, and as a result, the Debtor was barred by res judicata and collateral estoppel from raising the issue in a second motion. As res judicata and collateral estoppel do not apply in the absence of a prior judgment, appellant's argument is without merit. *Perrotta v. Irizarry*, 430 F.Supp. 1274, 1277 (S.D.N.Y.), *aff'd in table*, 573 F.2d 1294 (2d Cir.1977). Furthermore, the bankruptcy court's decision of June 30, 1986 does not discuss the merits of a Section 522(f) claim, and expressly grants leave to renew under that section at a later date. As a result, an argument based on law of the case, had it been raised, would also fail. *See Arnold Graphics Indus. v. Independent Agent Ctr.*, 775 F.2d 38, 41 (2d Cir.1985) (law of the case does not bar litigation of issue unless it has been actually litigated).

Appellant's fourth argument is that he was denied due process "by reason of the deviously conceived plan to deprive [him] from just and equal compensation as a creditor." Appellant's Brief at 10. Again, appellant fails to cite authority to support his claim.

For the foregoing reasons, the decision of the Bankruptcy Court, filed on March 31, 1987, voiding appellant's judgment lien except to the extent of $1,250.98 is AFFIRMED.

---

3. Appellant also argues that the office was located in a building separate from the house and that bankruptcy judge erred in failing to consider this fact. The record does not support a finding that the office was located in a separate building. The office did, however, have a separate entrance, a fact which was noted by the bankruptcy judge. In addition, the judge properly excluded the office space in calculating Debtor's homestead exemption.