**UNITED STATES of America,
Appellant,**

v.

**OXYLANCE CORPORATION, Appellee.**

**Civ. A. No. 1:89–CV–1967–MHS.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 9, 1990.

Curtis L. Bowman, U.S. Dept. of Justice, Tax Div., Washington, D.C., Willard Norman Timm, Jr., I.R.S., Atlanta, Ga., for U.S.

J. Michael Lamberth, Lamberth Bonapfel Cifelli & Willson, Atlanta, Ga., for Oxylance Corp.

ORDER

SHOOB, District Judge.

The sole issue in this bankruptcy appeal is whether it is necessary to serve notice of objections to claims to the local United States Attorney and the Attorney General of the United States when the claimant is the Internal Revenue Service. In this case, appellee delivered its objection and hearing notice to the Internal Revenue Service ("IRS") alone. The bankruptcy court held that the service was adequate and disallowed the priority claim made by the government. For the reasons stated below, the Court reluctantly must reverse.[1]

Bankruptcy Rule 3007 governs objections to claims. It states in pertinent part that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant." Because objections to claims are contested matters, however, Bankruptcy Rule 3007 must be read in conjunction with Bankruptcy Rule 9014. That rule states:

> In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004....

Bankruptcy Rules 7004(b)(4) and (b)(5) require that the United States Attorney and the Attorney General of the United States receive service whenever the United States or an officer or agency of the United States is a party to an action.

Appellant contends that the bankruptcy court erred when it did not apply Bankruptcy Rules 9014 and 7004 in this case. It cites as support two cases from this district and one case from the Northern District of California. *See United States v. Simms,* 33 B.R. 792 (N.D. Ga.1983) (Ward, J.); *In re Rowe,* No. C86–1848A, slip op. (N.D.Ga. 1986) (Freeman, J.); *In re Morrell,* 69 B.R. 147 (N.D. Cal.1986). Appellee maintains that Bankruptcy Rules 9014 and 7004 only

---

1. Although this appeal may clarify the requirements of the Bankruptcy Rules, it is unlikely to effect the outcome of the case. The government has not maintained that it was prejudiced by the improper service. If appellee properly serves appellant after remand, the bankruptcy court probably will reach the same result on the merits of the government's priority claim. The Court must reverse because improper service removes jurisdiction; but, given the judicial resources exhausted by this appeal and remand, the government claims a Pyrrhic victory.

apply in contested matters "not otherwise governed by these rules," precluding their application in this case because Bankruptcy Rule 3007 governs. As a result, appellee claims the bankruptcy court correctly held that service to the IRS was sufficient. *See In re Hejl,* 85 B.R. 399 (W.D. Tex.1988).

Appellant has the better of this argument for a number of reasons, not the least of which is that it relies on authority from this district and appellee does not. In addition, the logical result of appellee's position is that Bankruptcy Rule 9014 does not apply to objections to claims (since they are addressed by Bankruptcy Rule 3007). As appellee must concede, however, the advisory committee note specifically states that "[t]he contested matter initiated by an objection to a claim is governed by rule 9014...." Finally, and perhaps most important, the decision of the bankruptcy court and appellee's argument both ignore the well-settled principle that the IRS cannot sue and be sued and that the proper party in actions involving federal taxes is the United States of America. *See generally Blackmar v. Guerre,* 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952). As a result, even if the Court accepted appellee's claim that only service upon the claimant is required in this case, appellee still would need to serve the local United States Attorney and the Attorney General of the United States, because the United States, not the IRS, is the actual claimant.

It is beyond cavil that the United States government and its agencies and officers are represented by the United States Department of Justice. For that reason, the various federal rules of procedure require service to the Justice Department when suit is brought against the United States. *See, e.g.,* Federal Rules of Civil Procedure 4(d)(4) and 4(d)(5). It would be anomalous to hold that in every other context service upon the local United States Attorney and the Attorney General of the United States is required, yet in this bankruptcy court context a different procedure is authorized.

For the foregoing reasons, the Court REVERSES the decision of the bankruptcy

court and REMANDS this case for proceedings not inconsistent with this order.

IT IS SO ORDERED.