**In re Grady D. SMITH, Debtor.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Plaintiff,**

v.

**Grady D. SMITH, Debtor and A.L. Tenney, Trustee, Defendants.**

Bankruptcy No. 85–40055M.
Adv. No. 91–4046.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Feb. 4, 1992.

Raymond Weber, North Little Rock, Ark., for debtor.

Bill Adair, Little Rock, Ark., for I.R.S.

A.L. Tenney, North Little Rock, Ark., trustee.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On January 14, 1985, Grady D. Smith d/b/a McGuire Smith Salons (debtor) filed a voluntary petition for relief under the provisions of chapter 13 of the United States Bankruptcy Code. The Internal Revenue Service (IRS) was listed on the debtor's schedules as a creditor with a prepetition priority tax claim of $26,410.08 for the tax year ended December 31, 1984, for a business partnership, and a prepetition priority tax claim of $10,000.00 for the debtor's 1981 personal income taxes.[1] The narrative statement of the debtor's original plan provided, in part, as follows:

> 3. The debts of the Debtor can be classed into six (6) categories. They are identified as follows:
>
> A. Priority–1 which represents the personal tax debts of Grady Smith amounting to approximately Ten Thousand Dollars ($10,000.00) which will be

---

1. The debtor attached a copy of a partnership dissolution agreement that reflects a total partnership tax liability to the IRS of $26,410.08. The agreement provides that the debtor is liable for the sum of only $8,803.36. However, under Arkansas law, each partner is jointly and severally liable for all partnership debts. Ark.Code Ann. § 4–42–307 (1987). *Accord National Lumber Co. v. Advance Dev. Corp.,* 293 Ark. 1, 732 S.W.2d 840 (1987).

paid one hundred percent (100%) through the Plan.

B. Priority–2 which represents tax debts of the partnership amounting to Thirty Thousand Four Hundred Fifty Dollars and One Cent ($30,450.01), which, according to the Dissolution Agreement, the Debtor is responsible for one-third (⅓) or Ten Thousand One Hundred Fifty Dollars ($10,150.00).

The IRS did not object to the treatment of its claim under the plan and the plan was confirmed on July 25, 1985.

On March 22, 1985, the IRS filed claim No. 12 for $36,534.82 for the following:

| Kind of Tax | Tax Period | Tax Due | Penalty | Interest |
|---|---|---|---|---|
| 1040 | 12–31–81 | $ 5,032.36 | $3,005.48 | $3,213.23 |
| 941 | 6–30–84 | 6,346.89 | 1,789.13 | 547.13 |
| 941 | 9–30–84 | 16,000.00 | 240.00 | 361.60 |

The standing chapter 13 trustee follows an established procedure in regard to the allowance of claims. Typically, after confirmation of a plan, the trustee files a computer generated motion to allow claims that is combined with an order bearing this Court's signature. The order allows all the claims as filed and provides that any objection to claims must be filed within thirty days from the filing date of the motion. The motion and order are served only on the debtor and the debtor's attorney.

On August 27, 1985, pursuant to his established procedure, the trustee filed a motion to allow claims. The motion listed the IRS's claim of $36,534.82, followed by a notation that stated: "Comm: Partnership ⅓." The bottom portion of the motion contained an order granting the motion to allow the claims; however, the order also provided that the debtor had thirty days in which to file an objection to any of the claims contained in the motion. The motion and order were served only on the debtor and the debtor's attorney.

The trustee erroneously interpreted the original plan to provide for payment of one-third of $36,534.84, or $12,177.06, when in fact the plan was to pay one-third of the sum of $26,410.08 and 100% of the sum of $10,000.00, for a total of $18,803.36. Pursuant to this misunderstanding, the trustee reduced the IRS's claim on his records in an attempt to make the claim consistent with the terms of the plan. Notwithstanding the language in the motion that claims were to be allowed as filed, the trustee's final account lists the IRS's claim as allowed in the sum of only $12,177.06.

During the next several months, the IRS filed additional claims for taxes, all of which were allowed as filed. On December 4, 1986, and January 12, 1987, the debtor filed amended plans to pay the additional claims of the IRS.

On December 20, 1990, the trustee filed his final account reflecting that all the IRS's claims were paid in full; however, claim No. 14 in the sum of $36,534.82, was paid the sum of only $12,177.06. On December 28, 1990, an order was entered granting the debtor's discharge.

On April 11, 1991, the IRS filed a complaint to revoke the debtor's discharge because "all payments required to be made to the IRS under the plan were not completed." The debtor filed a response essentially alleging that the trustee misapplied the plan payments and, therefore, the debtor should not be penalized for the trustee's mistake.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) and (L), and the Court has jurisdiction to enter a final judgment in the case.

### DISCUSSION

■ An order confirming a chapter 13 plan, which is not appealed, generally gives *res judicata* effect to all issues pertaining to the plan that were raised or could have been raised at confirmation. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th

Cir.1987); *Miller v. Meinhard–Commercial Corp.*, 462 F.2d 358, 360 (5th Cir.1972). If the debtor completes the payments provided for under the plan, the debtor is entitled to an order granting discharge of all dischargeable debts provided for by the plan. *See* 11 U.S.C. § 1328(a). Generally the principle of *res judicata* would attach to both orders so long as the orders are not subject to collateral attack, even if the orders are erroneous. *See Underwriters Nat'l Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982); *Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987). However, the order confirming the plan and the order granting discharge are subject to collateral attack where a creditor does not receive notice prior to the discharge of any portion of its claim. *Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318 (Bankr. 9th Cir.1991); 3 James W. Moore, et al., *Moore's Manual: Federal Practice and Procedure* § 30.04[6] (1990); 49 C.J.S. *Judgments* § 442 (1947).

11 U.S.C. § 502(a) provides that a claim, proof of which is filed under 11 U.S.C. § 501(a), is deemed allowed unless a party in interest objects. *First American Bank & Trust of Minot v. Butler Machinery Co. (In re Haugen Constr. Service)*, 876 F.2d 681, 682 n. 4 (8th Cir.1989); *Manufacturers' Hanover Trust Co. v. Bartsh (In re Flight Transp. Corp. Sec. Litig.)*, 874 F.2d 576, 583 n. 8 (8th Cir.1989); *In re Dakota Industries, Inc.*, 131 B.R. 437, 444 (Bankr. D.S.D.1991). *See also* 11 U.S.C. § 1305(b); Federal Rules of Bankruptcy Procedure 3001(f); 3 *Collier on Bankruptcy* ¶ 501.01 at 501–5 (15th ed. 1991).

■ Bankruptcy Rule 3007 governs the procedures applicable to objections to claims. This rule provides as follows:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

"The determination of claims allowability is a judicial act that is within the exclusive province of the bankruptcy judge." *In re Hydorn*, 94 B.R. 608, 612 (Bankr.W.D.Mo. 1988). *Accord Palombo Farms of Colorado, Inc. v. National Acceptance Corp. of America, Inc. (In re Palombo Farms of Colorado, Inc.)*, 43 B.R. 709, 711 (Bankr. D.Colo.1984); 3 *Collier on Bankruptcy* ¶ 502.02 at 502–23 (15th ed. 1991). Before a claim may be disallowed, a creditor must be given notice which satisfies the principles of due process. As stated by the Tenth Circuit:

> The Supreme Court has repeatedly held that, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

*Reliable Elec. Co., Inc. v. Olson Constr. Co.*, 726 F.2d 620, 622 (10th Cir.1984), quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

■ The reduction of the IRS's claim No. 14 to $12,177.06 was effectuated despite the fact that no party in interest objected as required by 11 U.S.C. § 502(a). In addition, the reduction was made without notice as required by Federal Rules of Bankruptcy Procedure 3007 and 9014 and without service of the motion and order on the United States pursuant to Federal Rule of Bankruptcy Procedure 7004(b)(4). In a case directly on point, the Ninth Circuit Bankruptcy Appellate Panel held that:

> Confirmed plans are normally considered final and binding pursuant to Code § 1327(a). However, the plan that was confirmed here was fatally defective in its arbitrary reduction of FFMC's secured arrearage claim. We do not believe the need for finality of confirmed plans extends to circumstances present in this case: where a debtor misuses, whether or not intentionally, the plan confirmation process to reduce a valid

claim without the requisite notice and opportunity to be heard.

*Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy),* 130 B.R. 318, 321 (Bankr. 9th Cir.1991) (footnote omitted). *See also United States v. Oxylance Corp.,* 115 B.R. 380 (N.D.Ga.1990); *In re Morrell,* 69 B.R. 147 (N.D.Cal.1986); *In re Ambassador Park Hotel, Ltd.,* 61 B.R. 792, 798–802 (N.D.Tex.1986).

An order confirming a plan which provides payment to a creditor of an amount less than the allowed claim cannot be used as a substitute for an objection to the claim. *In re Barbier,* 77 B.R. 799 (Bankr.D.Nev.1987), *aff'd* 84 B.R. 190 (D.Nev.1988), *rev'd on other grounds sub nom.* 896 F.2d 377 (9th Cir.1990); *In re Stein,* 63 B.R. 140, 145 (Bankr.D.Neb. 1985).

The Court will treat the complaint to revoke discharge as a motion for relief from order pursuant to Bankruptcy Rule 9024. The order confirming plan as finally modified, the order allowing claims filed on August 27, 1985, and the order granting the debtor's discharge are all hereby set aside. The debtor and the IRS shall have twenty days to file any appropriate pleadings consistent with this order.

IT IS SO ORDERED.