**In re Susan W. GREENE, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Susan W. GREENE, Appellee.**

**Civ. A. No. CV292–91.**
**Bankruptcy No. 91–20384–BKC–TCB.**

United States District Court,
S.D. Georgia,
Brunswick Division.

July 8, 1992.

Grady W. Henry, Jesup, Ga., for Susan M. Greene.

Lawrence B. Lee, Savannah, Ga., Sean O'Connor, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Sylvia Ford Brown, Savannah, Ga., for I.R.S.

William F. Hinesley, III, Savannah, Ga., for Sylvia Ford Brown, Chapter 13 Trustee.

## ORDER

ALAIMO, District Judge.

The United States, on behalf of the Internal Revenue Service ("IRS"), appeals from an Order of the Bankruptcy Court in which it was determined that the IRS was improperly collecting taxes from the husband of debtor Susan M. Greene in violation of the co-debtor stay, 11 U.S.C. § 1301, and the automatic stay, 11 U.S.C. § 362. That Order makes the IRS's tax claims contingent, in that the IRS may collect payments only from the debtor's spouse, Mr. Greene. The IRS may seek to fund its tax claim from the debtor's chapter 13 plan only if it receives notification of non-payment by Mr. Greene. The IRS' appeal must be dismissed and this case remanded, for the reasons discussed *infra.*

## STATEMENT OF THE CASE

The debtor filed her Chapter 13 bankruptcy petition on May 13, 1991. The IRS timely filed its unsecured priority claim in the amount of $3,156.82; the debtor and her husband ("Mr. Greene"), having filed joint tax returns, are jointly and severally liable for taxes due for 1988, 1989, and 1990. The IRS soon began levying upon Mr. Greene's wages in order to collect those taxes. The Bankruptcy Court held a confirmation hearing for the debtor on December 5, 1991. Neither the United States nor the IRS were present or represented at that hearing because neither had received notice of the hearing or had been served with the debtor's "objection" to the IRS's claim.

At the confirmation hearing, the debtor's counsel, asserting that the IRS was violating Bankruptcy Code stay provisions, objected to the levy which the IRS had imposed upon Mr. Greene's wages. He asserted that the IRS was "double dipping" from both the debtor and her husband. Nevertheless, he sought court approval of a plan which would allow the IRS to collect the tax claims *only* from Mr. Greene. By Order dated January 30, 1992, the Bankruptcy Court determined that the IRS was collecting taxes from Mr. Greene in violation of the co-debtor stay, 11 U.S.C. § 1301, and the automatic stay, 11 U.S.C. § 362. The court ordered that the three IRS claims "be made contingent as long as the debtor's spouse continues to make payments" on his and the debtor's joint tax liability. In effect, the IRS is indefinitely barred from funding its tax claim from the debtor's chapter 13 plan.

In its appeal, the IRS first argues that the bankruptcy court lacked jurisdiction to rule on the debtor's objection to its claims because she failed to serve either the United States Attorney General or the local United States Attorney with a copy of that "objection." The IRS contends that it was improperly denied reasonable notice and an opportunity for hearing, and that the Order of the Bankruptcy Court should be reversed on this basis alone. Second, the IRS argues that neither the debtor nor her spouse are protected by the co-debtor stay from joint and several tax liability, and that it should be free to collect the tax claim from either spouse. The IRS maintains that 11 U.S.C. § 1301 was improperly applied by the Court, in that the IRS' claim did not represent a "consumer debt" and the court employed the stay to protect the debtor rather her husband, the non-debtor.

The IRS does not discuss the application of the automatic stay provisions of 11 U.S.C. § 362 to the facts of the case.

The chapter 13 trustee ("trustee") has filed a response. She concedes that the IRS was not afforded notice of the debtor's "objection" to its claim and that this treatment was "unorthodox." However, she asserts that "[a]ny violation by the Bankruptcy Court is technical only," and that because the IRS is entitled to a rehearing upon request, the Court's Order "resulted in no prejudice to the Appellant." Moreover, the trustee argues that whether or not the co-debtor stay provision applies, the Bankruptcy Court correctly treated the IRS' claim as contingent, in that the IRS is not being treated differently from any other creditor who might be receiving payments from a spouse.

## ALLEGATIONS OF ERROR

I. Because neither the Attorney General of the United States nor the local United States Attorney was served with copies of the debtor's written "objection to claims," the Bankruptcy Court lacked the jurisdiction to rule on such objection.

II. Because the co-debtor stay provisions of 11 U.S.C. § 1301 were improperly applied to the case *sub judice*, the IRS was improperly restricted from collecting taxes from both the debtor and her spouse.

## DISCUSSION

I. *Jurisdiction and Standard of Review*

Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction over the instant appeal from the Order of the Bankruptcy Court for the Southern District of Georgia. Under Bankruptcy Rule 8013, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...."

II. *The Bankruptcy Court had jurisdiction to address the debtor's "objection."*

■ The preliminary issue to be addressed in this case has not been directly discussed by either the IRS or the trustee. That question is whether the debtor in fact *objected* to the *allowance* of the IRS' claims, so as to invoke the procedural requirements connected with filing such objections, which are addressed under 11 U.S.C. § 502 and Bankruptcy Rules 3007 and 9014.[1] After careful review of the record, this court concludes that the debtor never actually objected to the allowance of the IRS' claims, and therefore was not required to perfect service of their "objection" upon the Attorney General or the local United States Attorney.

■ An objection to the allowance of a claim filed in accordance with § 502 and the relevant Bankruptcy Rules "clearly places in issue the allowance or the disallowance of the claim." *In re Simmons*, 765 F.2d 547, 552 (5th Cir.1985). This court finds that the debtor did not object to the allowance of the IRS' claim, and the Bankruptcy Court's Order dated January 30, 1992 did not disallow the IRS' claim. The IRS' tax claim remains an "allowed" claim, even if it has been rendered "contingent." In its Order, the Bankruptcy Court sought merely to avoid the confusion which would be caused by having the IRS collect payments from the debtor's spouse while simultaneously funding its tax claim from the debtor's chapter 13 plan (such an arrangement might require frequent filing of either amended claims by the IRS or amendments by the debtor to her plan).

---

1. 11 U.S.C. § 502 allows a debtor to object to the allowance of a claim. Bankruptcy Rule 3007 governs the filings of objections to the allowance of claims, and states that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant." *See United States v. Oxylance Corporation*, 115 B.R. 380 (Bkrptcy.N.D.Ga.1990). The Advisory Committee note to Rule 3007 states that "[t]he contested matter initiated by an objection to claim is governed by Rule 9014...." 115 B.R. at 381. Rule 9014 states that in a "contested matter ... relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought...." 115 B.R. at 380.

The transcript of the December 5, 1991, hearing shows that debtor's counsel was objecting not to the allowance of the IRS' claim, but to the IRS' collection practices, whereby the IRS intended to retain its discretion to collect its tax claim from both the debtor's plan and Mr. Greene's earnings. Debtor's counsel labeled this practice "double dipping," *Transcript*, p. 6, and clearly considered the IRS to be in violation of either the 11 U.S.C. § 362 automatic stay or the Chapter 13 "co-debtor stay" at 11 U.S.C. § 1301. *Transcript*, pp. 5–6, 8–10. Moreover, in discussing how the court might deal with the IRS' collection practices, counsel for the trustee stated, "I don't know that I have a legal objection to the [IRS' claim or collection practices], but I know I don't want amended claims every month from the IRS."

The Order submitted by counsel for the signature of the Bankruptcy Court does not approve of an "objection to the *allowance*" of the IRS' claim, but instead renders those claims *contingent* upon Mr. Greene's continuing to make payments to the IRS. (The IRS itself admits that its claim remains "allowed.") The Bankruptcy Court's Order notes that the IRS has been levying against Mr. Greene's wages "in violation of the Automatic Stay provisions of 11 USC Sec. 362 and 11 USC Sec. 1301." Because the debtor and the trustee were not objecting to the allowance of the IRS' claim, but were instead concerned with the perceived violation of the co-debtor and automatic stays by the IRS, the debtor was required neither to file a written objection nor to serve such objection upon the Attorney General or the local United States Attorney. The Bankruptcy Court thus did not lack jurisdiction to address the debtor's concerns about the IRS' collection practices.

III. *The IRS has brought this appeal prematurely, as it has raised issues for the first time on appeal.*

■ The trustee contends that the IRS was not deprived of its right to an appearance and hearing because it could have filed a Motion for Reconsideration of the Bankruptcy Court's January 30, 1992, Order. Bankruptcy Rule 3008 reads as follows: "A party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order." In the case *sub judice*, although the Bankruptcy Court's Order limited the manner in which the IRS might collect its claim against the debtor and her spouse, that Order nevertheless allowed the IRS' claim. Pursuant to Bankruptcy Rule 9024, the IRS might have filed a motion for reconsideration at any time.

■ In reviewing a bankruptcy court's decisions or orders, a district court functions as an appellate court and may affirm, reverse or modify the bankruptcy court's ruling or remand the case for further proceedings. *Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1543 (10th Cir.1988); Bankruptcy Rule 8013. As a general rule, an appellate court will not consider a legal issue or theory which is being raised for the first time on appeal. *Caban–Wheeler v. Elsea*, 904 F.2d 1549, 1557 (11th Cir. 1990); *Booth v. Hume Publishing, Inc.*, 902 F.2d 925, 928 (11th Cir.1990); *Lattimore v. Oman Construction*, 868 F.2d 437, 439 (11th Cir.1989). Because a district court is considered an appellate court when it reviews the decision or order of a bankruptcy court, a similar rule governs the review of the Bankruptcy Court's Order in the case *sub judice*. See *In re Marvin Properties, Inc.*, 854 F.2d 1183, 1187 (9th Cir.1988); *In re Ozark Restaurant Equipment Co., Inc.*, 850 F.2d 342, 345–46 (8th Cir.1988); *Truck Drivers Local 807 v. Carey Transportation Inc.*, 816 F.2d 82, 90 (2nd Cir.1987).

The issues raised by the IRS in its appeal have not been presented to the Bankruptcy Court for consideration. The IRS has not set forth any reasons for raising legal issues for the first time in this court, or for failing to file a Motion for Reconsideration of the Bankruptcy Court's Order before filing this appeal. Both as a practical matter and for the sake of judicial economy,

the Bankruptcy Court, as a trial court, is much better-equipped than this court to resolve such issues.

Accordingly, this case is REMANDED to the Bankruptcy Court for further proceedings not inconsistent with this Order and consideration of any motion by the IRS to reconsider the Bankruptcy Court's order of June 30, 1992.

SO ORDERED.