**In re Leonard Rolfe KUEBLER and Laura Lee Kuebler, Debtors.**

**Leonard Rolfe KUEBLER and Laura Lee Kuebler, Plaintiffs,**

v.

**COMMISSIONER OF the INTERNAL REVENUE SERVICE and A.L. Tenney, Trustee, Defendants.**

**Bankruptcy No. 89–40146M. Adv. No. 92–4037.**

United States Bankruptcy Court, E.D. Arkansas, W.D.

June 24, 1993.

Keith Grayson, Little Rock, AR, for debtors.

David Coop, N. Little Rock, AR, for trustee.

Tamera Fine–Trail, Robert D. Millstone, U.S. Dept. of Justice, Tax Div., Washington, DC, for I.R.S.

## MEMORANDUM OPINION

JAMES G. MIXON, Chief Judge.

On January 20, 1989, Leonard Rolfe Kuebler and Laura Lee Kuebler (the debtors) filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. On April 1, 1992, the debtors brought this adversary proceeding to determine the dischargeability of a debt owed to the Internal Revenue Service (IRS).[1]

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (1988), and the Court has jurisdiction to enter a final judgment in the case. The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed.R.Bankr.P. 7052.

### I

### BACKGROUND

The debtors' schedules list the IRS as a creditor with a prepetition, priority tax claim totaling $65,025.18 for the tax years 1983 to 1988. The schedules note that the claim is disputed. The original plan provides that the debtors will make 36 monthly payments to the trustee in the amount of $600.00, for a total of $21,600.00. The original plan further provides that the trustee is to allocate the $600.00 monthly payments as follows: $500.00 to be paid to priority debts pro rata; the remaining $100.00 to pay administrative expenses, with any excess of the $100.00 going toward general unsecured debts pro rata.

The debtors' original plan was prepared on a preprinted form recommended by the Chapter 13 trustee's office. The preprinted portion[2] of the original plan provides the following:

Payments to the trustee shall be made in installments conforming to the debtor's [sic] pay periods over a period of not longer than 5 years from the date of confirmation of the plan in such amounts as may be required to provide for the payment of all costs of administration, the payment in full of all claims entitled to priority as defined in 11 U.S.C. [§] 507, the present value of all allowed secured claims and an amount not less than *pro rata %* to each allowed unsecured claim.

The debtor's [sic] total payments to the trustee under the plan shall not be less than *$600.00 per month × 36 = $21,600.*

After the payment of costs of administration as provided by order of the court, the moneys paid to the trustee shall be distributed as indicated on the attached Schedule of Debts as follows:

1. All claims entitled to priority under 11 U.S.C. [§] 507 shall be paid in full in deferred cash payments as required by 11 U.S.C. [§] 1322(a)(2) in the manner indicated on the attached Schedule of Debts.

2. With respect to each allowed secured claim (unless the creditor has accepted different treatment of its claim or the debtor [sic] proposes to surrender the property securing the claim):

(a) the holder of each such claim shall retain the lien securing such claim, and

---

1. The debtors' styled this proceeding as a "Motion to Determine Dischargeability of Debt." The motion will be treated as a complaint pursuant to Fed.R.Bankr.P. 4007(a).

2. The underlined portions denote information filled in blanks provided on the preprinted form.

(b) the holder of such claim shall be paid cash in such amounts as to have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim, (as that amount may be finally be determined).

The plan's preprinted portions of the narrative statement provide:

The property of the estate shall vest in the debtor [sic] upon confirmation of [sic] plan. Post petition creditors may be added by the debtor [sic] and treated as though they were creditors with claims that arose before the commencement of this case.

The Trustee may excuse the debtor [sic] from one or more payments under the plan and make refunds to the debtor [sic] from funds held by the Trustee as may be necessary in the judgement of the Trustee to satisfactorily complete the plan, provided that all sums necessary to complete the plan are ultimately paid by the Debtor [sic].

Other provisions of the plan, pursuant to 11 U.S.C. § 1322(b)(10) which are not inconsistent with Title 11 of the United States Code are as follows:

The following typewritten provisions were added by the debtors:

All debts, or portions thereof, not paid throught [sic] the plan are discharged.

Monthly payments are to be made directly from Mr. Kuebler to the Trustee.

Priority debts paid pro rata from $500.00 per month.

Administrative expenses paid from $100.00 per month and balance of $100.00 per month paid pro rata to unsecured creditors[.]

The IRS did not file an objection to the debtors' plan, and the plan was confirmed on April 4, 1989.

■ On March 23, 1989, the IRS timely filed a proof of claim asserting a secured claim against the debtors in the amount of $60,428.62. The claim asserts the following:

| Kind of Tax | Tax Period | Tax Due | Penalty | Interest |
|---|---|---|---|---|
| 1040 | 12–31–83 | $12,223.27 | $3,916.15 | $8,695.36 |
| 1040 | 12–31–84 | 4,277.00 | 1,067.75 | 2,032.12 |
| 1040 | 12–31–86 | 17,573.00 | 6,587.63 | 4,056.34 |

The claim states that notice of a tax lien was filed in Pulaski County, Arkansas. The debtors filed no objection to the claim.[3]

The trustee presented the Court with a combined motion and order allowing the IRS's claim.[4] Although the IRS's proof of claim characterized the debt as secured, the trustee's motion and order listed the IRS's claim as an unsecured long-term priority debt. David Coop, a representative from

---

3. The IRS's claim was filed as a secured claim, and the debtors did not object to this characterization even though the debtors' plan treats the IRS's total claim as unsecured. The preprinted portion of the debtors' plan provides for "payment in full of all claims entitled to priority." The debtors scheduled the IRS's entire claim as priority but disputed, which can either imply that the priority status is disputed or the amount is disputed. The typewritten portions of the plan contradict the preprinted provisions because the typewritten portions provide for a pro rata payment of the IRS's allowed priority claim. This pro rata payment provision violates 11 U.S.C. § 1322(a)(2) (1988), which requires payment in full of all claims entitled to priority under 11 U.S.C. § 507(a)(7) (1988).

4. This Court discussed the Chapter 13 trustee's procedure in regard to the allowance of claims in *United States v. Smith (In re Smith)*, 142 B.R. 862 (Bankr.E.D.Ark.1992):

Typically, after confirmation of a plan, the trustee files a computer generated motion to allow claims that is combined with an order bearing this Court's signature. The order allows all the claims as filed and provides that any objection to claims must be filed within thirty days from the filing date of the motion. The motion and order are served only on the debtor and the debtor's attorney.

*Id.* at 864.

the Chapter 13 trustee's office, testified that his office reclassified the IRS's secured claim as a priority claim to be consistent with the terms of the debtors' original plan. Coop stated that the debtors' original plan failed to provide for full payment of the priority claim. Rather than object to the plan, the trustee treated the IRS's claim as a continuing debt, which Coop concluded would not be subject to the Chapter 13 discharge.

On March 24, 1989, the debtors filed a modified plan that provided that the IRS's claim will be paid through the plan "at $450.00 per month for 36 months, for a total of $16,200.00." The modified plan characterized the IRS's claim as an unsecured priority debt, rather than a secured claim. The IRS did not object to the modified plan and the modified plan was confirmed on April 24, 1989.

On August 2, 1989, the Court granted the trustee's motion to allow the IRS's claim as a long-term priority claim in the sum of $60,428.62. On August 4, 1989, the IRS amended its proof of claim, adding a priority claim of $7,357.00 in addition to its $60,428.62 secured claim. The debtors did not object to the amended proof of claim, which was allowed by order entered April 6, 1990, as a continuing, priority claim to be paid 100%.

Coop testified that the debtors have paid over $20,250.00 to the IRS, although the modified plan provided for payment of $16,-200.00. Coop explained that the trustee's office was presumably making disbursements on the IRS's secured claim, since the IRS had filed a priority claim in the amount of only $7,357.00.

The debtors have made all payments due under their modified plan. The debtors contend that they have fulfilled their obligations to the IRS under the confirmed modified plan, and, therefore, the unpaid portions of the IRS's claim should be discharged. The IRS argues that its claims were allowed without objection, and therefore, the claims are not subject to the Chapter 13 discharge.

The debtors have also filed a motion to amend the pleadings to conform to the proof and are now asking the Court to determine the amount of the IRS's secured claim.

## II

## DISCUSSION

### A. Reclassification of the IRS's Claim

■ The only priority claim filed by the IRS is for the sum of $7,357.00. Counsel for the IRS in her opening statement and in her brief argues that the corrected IRS claim is as follows:

| Year | Amount | Classification |
|------|--------|----------------|
| 1983 | $14,615.00 | Secured |
| 1986 | 21,629.34 | Priority |
| 1988 | 7,357.00 | Priority |
| 1983 | 10,219.78 | General Unsecured |
| 1984 | 7,376.87 | General Unsecured |
| 1986 | 6,587.63 | General Unsecured |
| Total | 67,785.62 | |

However at trial, no attempt was made to file a claim in the amounts indicated, nor was any evidence of these amounts offered by documents or by live testimony. Because there is no proof in the record to support the reclassification, this argument will not be considered.

### B. IRS's Allowed Claim

■ Bankruptcy Rule of Procedure 3007 governs the procedure applicable to objections to claims. This Rule provides as follows:

An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

Fed.R.Bankr.P. 3007. The trustee's action of unilaterally changing the IRS's claim from secured to long-term priority is ineffective because it was done without suffi-

cient notice to the IRS to satisfy due process. *See Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318 (Bankr. 9th Cir.1991); *United States v. Smith (In re Smith)*, 142 B.R. 862 (Bankr. E.D.Ark.1992). Since no objection was filed to the IRS's proof of claim, the IRS's claim is allowed as filed. Therefore, the IRS is allowed a priority claim of $7,357.00 and a secured claim of $60,428.62.

### C. Plan's Treatment of IRS's Claim

■ An allowed unsecured claim for income taxes not more than three years old is a priority debt. 11 U.S.C. § 507(a)(7). A Chapter 13 plan must "provide for the full ... payment of all claims entitled to priority under section 507 of this title unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2) (1988). The debtors' modified plan provides for payment to the IRS of $16,200.00 as a priority debt and proposes to discharge the balance of the IRS's claim.[5] The IRS filed no objection to the modified plan and an order was entered confirming the modified plan on April 24, 1989.

■ The IRS fails to argue that it had no notice nor opportunity to object to the modified plan. An unappealed order confirming a Chapter 13 plan is entitled to *res judicata* effect as to all issues pertaining to the plan that were raised or could have been raised at the confirmation hearing. *See In re Szostek*, 886 F.2d 1405 (3rd Cir. 1989); *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir.1987); *United States v. Smith (In re Smith)*, 142 B.R. 862 (Bankr. E.D.Ark.1992). Since the IRS did not object to the modified plan that proposed to discharge all but $16,200.00 of its claim, the principles of *res judicata* prohibit further consideration of the issue, whether the issue was decided correctly or incorrectly. *See Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938).

■ The order confirming the debtors' modified plan is not irreconcilably in conflict with the order allowing the IRS's priority claim of $7,357.00 and secured claim of $60,428.62. Discharging the debtors' personal liability on a secured claim is not the same as disallowing the claim. A secured creditor's lien is capable of surviving bankruptcy even if the underlying debt is discharged.

Most courts have held that a secured creditor's lien cannot be avoided except by some affirmative act of the debtor or a party in interest which adequately advises the secured creditor that its lien rights are being challenged. *Estate of Lellock v. Prudential Ins. Co.*, 811 F.2d 186 (3d Cir. 1987); *In re Glow*, 111 B.R. 209 (Bankr. N.D.Ind.1990); *Riley v. Wisconsin Dep't of Revenue (In re Riley)*, 88 B.R. 906 (Bankr. W.D.Wis.1987); *In re Barbier*, 77 B.R. 799 (Bankr.D.Nev.1987), *aff'd*, 84 B.R. 190 (D.Nev.1988), *rev'd on other grounds sub. nom. United States v. Barbier*, 896 F.2d 377 (9th Cir.1990); *In re Mikrut*, 79 B.R. 404 (Bankr.W.D.Wis.1987); *In re Hager*, 65 B.R. 27 (Bankr.N.D.N.Y.1986); *In re Stein*, 63 B.R. 140 (Bankr.D.Neb.1985). *See also Fireman's Fund Mortgage Corp. v. Hobdy (In re Hobdy)*, 130 B.R. 318 (9th Cir. BAP 1991).

■ Where a debtors' plan does not address a creditor's secured claim, the lien simply passes through the bankruptcy and remains enforceable *in rem* after the discharge is granted and the case closed. *See Sun Fin. Co. v. Howard (In re Howard)*, 972 F.2d 639 (5th Cir.1992); *Simmons v. Savell (In re Simmons)*, 765 F.2d 547 (5th Cir.1985). Here, since the debtors' confirmed plan provided no treatment for the IRS's secured claim, the IRS will retain its tax lien on the debtors' property.

### D. Motion to Amend the Pleadings

■ On September 22, 1992, the debtor filed a post-trial motion to amend the pleadings to conform to the evidence. Attached to the motion was a new complaint which is, in substance, an additional

---

5. Even though the IRS filed a priority claim for only $7,357.00, the debtors are not prohibited from proposing to pay a portion of the IRS's allowed secured claim in an amount greater than the IRS's allowed priority claim.

cause of action pursuant to 11 U.S.C. § 506 (1988) to determine the amount of the IRS's secured claim. The evidence offered at trial on the value of the secured claim was objected to by the United States and, in hindsight, the objection should have been sustained. The function of 11 U.S.C. § 506 (1988) is to enable parties to determine the amount of a disputed secured claim so the correct amount can be paid under a plan. There is no specific deadline for filing a complaint under this section, but it certainly makes no sense to try to value a secured claim which is not acknowledged in a plan after all payments have been made. Therefore, the motion to amend the pleadings to conform to the evidence is denied.

### III

### CONCLUSION

The IRS is determined to have an allowed priority claim of $7,357.00 and an allowed secured claim of $60,428.62. The IRS's priority debt of $7,357.00 and has been paid in full. The debtors' confirmed modified plan failed to provide any treatment for the IRS's secured claim, therefore, the IRS retains its tax lien in the debtors' property. The debtors' personal liabilities as to the balance of all claims of the IRS are discharged pursuant to 11 U.S.C. § 1322(a)(2). The motion to amend the pleadings to conform to the evidence is denied.

IT IS SO ORDERED.