**In the Matter of Morrison Jarrell SIMMS, Debtor.**

**UNITED STATES of America**

**v.**

**Morrison Jarrell SIMMS.**

**Civ. A. No. C82–1799A.**

United States District Court, N.D. Georgia, Atlanta Division.

April 8, 1983.

Curtis L. Muncy, Washington, D.C., for plaintiff.

G. Alfred Brunavs, Atlanta, Ga., for defendant.

ORDER OF COURT

HORACE T. WARD, District Judge.

This matter is currently before the court on the appeal by the United States of America of the Bankruptcy Judge's Order of July 19, 1982. On May 12, 1982 debtor/defendant herein filed objections to two proofs of claim filed in his Chapter 13 Bankruptcy proceeding. The claim which is at issue was filed on behalf of the United States. A preliminary hearing was scheduled for June 8, 1982 before Bankruptcy Judge Homer Drake, at which the United States of America did not appear nor did it file any objections to debtor's/defendant's objections to the proof of claim. By Order of July 19, 1982, the Bankruptcy Judge ordered that "Claim # 5 in the amount of $12,739.69 filed by W.H. Gregory, Assistant Chief, TOCB, on behalf of the Internal Revenue Service would be paid by the trustee as unsecured claims to the extent of one cent on the dollar." The United States of America is now appealing this ruling.

The government contends that the ruling of the Bankruptcy Judge should be reversed because debtor/defendant failed to properly serve its objections to the proof of claim (Claim # 5) upon the United States and that the United States was not given proper notice of the hearing on debtor's/defendant's objection to its claim. Debtor/defendant argues that it did properly serve the government by mailing a copy of the objections and a notice of the preliminary hearing to W.H. Gregory, Assistant Chief, TOCB, and that the government had the

requisite 30 days notice of the hearing as required by Rule 306(c) of the Rules of Bankruptcy Procedure.

The proof of claim shows that W.H. Gregory, Assistant Chief, TOCB, is the agent of the Department of Treasury, Internal Revenue Service, and was authorized to make the proof of claim on behalf of the United States. The proof of claim also states that the debtor/defendant is indebted to the United States in the sum of $12,739.62. It is clear from the proof of claim that the United States is the claimant although W.H. Gregory filed the claim on the government's behalf. Furthermore, this is an adversary proceeding and Rule 704 of the Rules of Bankruptcy Procedure governs service. Rule 704(c)(4) provides:

Service of summons, complaint, and notice of trial or pretrial conference may also be made within the United States by first-class mail postage prepaid as follows:

.        .        .        .        .

(4) Upon the United States, by mailing a copy of the summons, complaint, and notice to the United States Attorney for the district in which the action is brought and also to the Attorney General of the United States at Washington, District of Columbia, . . . .

It is well settled that the Internal Revenue Service cannot sue and may not be sued, but that the proper party in such instance is the United States of America. *Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952). Thus, while debtor/defendant did serve its objections and the notice of the preliminary hearing, it served these documents upon the wrong party. Accordingly, the decision of the Bankruptcy Judge with respect to Claim # 5 must be REVERSED. The debtor/defendant is hereby ORDERED to properly serve its objections upon the United States and this matter shall proceed in accordance with Rule 701 *et seq.* of the Rules of Bankruptcy Procedure. This action is REMANDED to the Bankruptcy Court for further proceedings consistent with this Order.