**In re Richard J. MORRELL, Debtor.**

**No. C–86–3601–CAL.**

United States District Court,
N.D. California.

Nov. 6, 1986.

Lynn Anderson Koller, Koller & Maconaghy, Emeryville, Cal., Dennis Davis, San Francisco, Cal., for Creditors' Committee.

Edward Walsh, San Francisco, Cal., trustee, for Morrell.

David L. Denier, Asst. U.S. Atty., San Francisco, Cal., for U.S.

## ORDER

LEGGE, District Judge.

This matter came before the court on the appeal by the United States of America from the Bankruptcy Judge's Order of April 23, 1986. The oral argument was heard on September 26, 1986, and the court considered the record, the arguments of counsel, and the applicable authorities.

### I

On April 15, 1981, Richard J. Morrell filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. Four claims were filed by the Internal Revenue Service on behalf of the United States, Claim No. 609 filed on November 17, 1981 in the amount of $30,346.75, Claim No. 651 filed on February 17, 1982, in the amount of $16,762.57, Claim No. 652 filed on February 17, 1982, in the amount of $68,298.41, and Claim No. 679 filed on November 24, 1982, in the amount of $59,841.68.

On February 2, 1984, the Creditors' Committee filed objections to Claim Nos. 651, 652 and 679. Those objections were served upon the Director of Internal Revenue Service, 450 Golden Gate Avenue, San Francisco, California 94102. Copies of the objections were not mailed to the United States Attorney for the Northern District of California or to the Attorney General of the United States at Washington, D.C.

The Creditors' Committee's objections were noticed for hearing on February 28, 1984 at 2:00 P.M. and heard on that date. No one appeared on behalf of the United States at the hearing. Unopposed, the Creditors' Committee's objections were sustained and Claim Nos. 651, 652 and 679 were disallowed by an order entered April 9, 1984.

Upon discovering the default, the United States, through its attorney, Assistant United States Attorney David L. Denier, contacted Lynn Koller, attorney for the Creditors' Committee. Refusing to stipulate to vacate the default, the Committee filed Creditors' Committee's Further Objections to Claim Nos. 651, 652 and 679 on February 26, 1986.[1] The Creditors' Committee Stated two bases for disallowing the claims: (1) that the disallowance of the three claims should be affirmed because of the failure of the United States to oppose the objections filed by the Creditors' Committee on February 2, 1984; and (2) that the claims are amendments amounting to the presentment of new claims which should not be allowed after the claim bar date.

Bankruptcy Judge Wolfe sustained the disallowance of Claim Nos. 651, 652 and 679 because of the failure of the United States to oppose the objections at the Fel-

---

1. Under the Bankruptcy Rules, a motion for reconsideration of an order allowing or disal-

lowing a claim against the estate may be

ruary 28, 1984 hearing.[2] Judge Wolfe rejected the United States' argument that the objections had to be served upon the United States Attorney for the Northern District of California and the Attorney General of the United States. The United States is now appealing this ruling.

## II

The ruling of the Bankruptcy Judge should be reversed because the Creditors' Committee failed to properly serve its objections to Claim Nos. 651, 652 and 679 upon the United States and because the United States was not given proper notice of the hearing on the Creditors' Committee's objections to its claims.

Rules 9014 and 7004(b)(4) require and provide that in addition to the methods of service authorized by Fed.R.Civ.P. 4(d), service may be made within the United States by first class mail postage prepaid[3]:

> Upon the United States, by mailing a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia, and in any action attacking the validity of an order of an officer or an agency of the United States not made a party, by also mailing a copy of the summons and complaint to such officer or agency.

Thus, proper service of the objections to the IRS claims required service by first class mail postage prepaid upon the United States Attorney for the Northern District of California and the Attorney General of the United States at Washington, D.C.

brought by any party in interest. Bankr.R. 3008.

2. Judge Wolfe did not address the second basis set forth by the Creditors' Committee for disallowing the United States' claims.

3. Fed.R.Civ.P. 4(d)(5) provides that service shall be made upon an agency of the United States "by serving the United States and by sending a copy of the summons and complaint to such ... agency." Fed.R.Civ.P. 4(d)(4) provides that service shall be made upon the United States by delivering a copy of the summons and of the complaint to

It is clear from the claims that the United States is the actual claimant, although they were filed by an agent of the Internal Revenue Service. Proof of Claim No. 609, along with the amendments thereto (Claim Nos. 651 and 652), were signed by Paul J. Krug, Chief, Special Procedures Staff. Supplemental Claim No. 679 was signed by Michael T. Ecsi, Acting Chief, Special Procedures Staff. Both officials were agents of the Department of Treasury, Internal Revenue Service, "authorized to make this proof of claim [or request for payment] on behalf of the United States." All of the claim forms show that the "grounds for [or ground of] liability is for taxes due under the internal revenue laws of the United States."

It is well established principle that the Internal Revenue Service has no capacity to sue or be sued, and that the real party in interest in cases such as this is the United States. *Blackmar v. Guerre*, 342 U.S. 512, 514, 72 S.Ct. 410, 411, 96 L.Ed. 534 (1952); *In re Simms*, 33 B.R. 792, 793 (N.D.Ga. 1983). *See also, Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704, 69 S.Ct. 1457, 1468, 93 L.Ed. 1628 (1949); *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947). Thus, the Creditors' Committee failed to serve its objections to Claim Nos. 651, 652 and 679 upon the proper party.

The requirement of service upon the Attorney General and the United States Attorney is not a technical exercise or a nuisance to be inflicted upon the private bar in bankruptcy litigation. Pursuant to 28

the United States Attorney for the district in which the action is brought or to an Assistant United States Attorney or clerical employee designated by the United States Attorney ... and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia...." Rule 7004(b) modifies Fed.R.Civ.P. 4(d) by authorizing service of process by first class mail postage prepaid. Bankr.R. 7004(b), Advisory Committee Note.

U.S.C. §§ 515, 516 and 519, the United States Department of Justice is charged with supervision of all litigation in which the government is a party. By Rule (e.g., Fed.R.Civ.P. 4(d)(4)) and by statute (e.g., 28 U.S.C. § 2410(b)), the statutory policy has been assisted by requiring that original service of process be made upon appropriate officials of the Department. With the promulgation of the Bankruptcy Rules, the service requirement was made clearly applicable in bankruptcy litigation.

### III

Since the Creditors' Committee failed to properly serve the United States Attorney and the Attorney General, the Bankruptcy Judge's April 23, 1986 order must be reversed, and Claim Nos. 651, 652 and 679 must be considered on their merits.

IT IS ORDERED that the April 23, 1986 order is reversed, and Claim Nos. 651, 652 and 679 are remanded to the Bankruptcy Court.