**In re Charles STALLINGS and Betty S. Stallings, Debtors.**

**Bankruptcy No. 88–01348.**

United States Bankruptcy Court,
D. South Carolina.

June 21, 1989.

Terrance P. Leiden, Augusta, Ga., for debtors.

Betsy E. Burke, Washington, D.C., for creditor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**WILLIAM THURMOND BISHOP,**
Bankruptcy Judge.

This matter came before the Court on April 24, 1989 on the objection of the debtor to the proof of claim for internal revenue taxes,[1] and the only issue is as follows:

Whether the debtor, Charles Stallings, is barred by the statute of limitations under Section 6013 of the Internal Revenue Code (26 U.S.C.) from amending to his federal income tax returns for tax years 1981, 1982 and 1983, to elect the status of "married filing jointly," instead of "married filing single," and claim the corresponding tax reduction.

## STATEMENT

The debtors have filed an objection to the proof of claim for internal revenue taxes which shows an unsecured priority claim for federal income tax liabilities as follows:

| Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| INCOME | 12–31–81 | 05–18–87 | 655.62 | 3,560.43 |
| INCOME | 12–31–82 | 05–18–87 | 1,885.49 | 1,944.12 |
| INCOME | 12–31–83 | 05–18–87 | 1,942.00 | 1,460.78 |
| INCOME | 12–31–84 | 05–18–87 | 1,912.70 | 1,001.71 |
| INCOME | 12–31–85 | 05–18–87 | .21 | 85.68 |
| INCOME | 12–31–87 | 05–30–88 | 271.00 | 1.26 |

The proof of claim further specifies the sum of $5,165.16 in penalties to date of petition in said claim.

The only issue in contention is whether the debtor Charles Stallings has been improperly denied the tax consequences of electing to file "married filing jointly," as sought in amended returns for tax years 1981, 1982 and 1983.[2] The United States contends that said amended returns were barred by the statute of limitations and that the United States is entitled to prevail as a matter of law.

The issue of the tax liabilities of debtor Charles Stallings has not been previously contested or adjudicated by any judicial or administrative tribunal of competent jurisdiction prior to the commencement of this case.

## FINDINGS OF FACT

1. The parties stipulated to the entry of federal income tax returns (Form 1040) for 1981, 1982 and 1983 as exhibits. These returns were all signed by debtor Charles Stallings. The 1983 and 1982 tax returns

---

1. This matter was continued from the February calendar for the reason the Objection was not properly served upon the United States. Rule 9014 of the Bankruptcy Rules provides that in any "contested matter," which includes an Objection to a proof of claim, the United States must be properly served in accordance with Bankruptcy Rule 7004(b)(4) and (5) in order for the Bankruptcy Court to have jurisdiction. Also see *In Re F.C.M. Corporation,* Civil No. 87–0846–Civ–Davis (S.D.Fla. Sept. 22, 1987); *In re Simms,* 33 B.R. 792 (N.D.Ga.1983); *In re Morrell,* 87–1 U.S.T.C. ¶ 9142 (N.D.Cal.1986); *United States v. Charles W. Grant,* No. 84–59–Civ–J–16 (M.D.Fla. July 27, 1984); *In Re Joe L. Caldwell,* Bankr. No. B–7600965C–7 (Bankr.Ct.M.D.N.C. Aug. 15, 1984).

The requirement of service upon the Attorney General and the United States Attorney is not a technical exercise, nor a nuisance to be inflicted upon the private bar in bankruptcy litigation. Pursuant to 28 U.S.C., Sections 515, 516, and 519, the United States Department of Justice is charged with supervision of all litigation to which the Government is a party. By rule (*e.g.,* Rule 4(d)(4), F.R.C.P.) and by statute (*e.g.,* 28 U.S.C., Section 2410(b)), this statutory policy has been assisted, by requiring that original service of process be made upon appropriate officials of the Department. With the promulgation of the Bankruptcy Rules, this service requirement was made clearly applicable in bankruptcy.

2. The parties stated at the hearing in this matter that the tax returns for 1984, 1985 and 1986 were timely amended to elect the status of "married filing jointly," and, accordingly, the Internal Revenue Service, acting on behalf of the United States, would amend its claim to allow Charles Stallings the tax reduction attributed to the election for these years. The debtor Charles Stallings is not pursuing his Objection to the tax liability for 1987.

are dated March 25, 1987, and the 1981 tax return is dated March 30, 1987. Amended tax returns (Form 1040X) for these years, dated May 29, 1987, are attached as exhibits to the debtor's Objection to the claim of the Internal Revenue Service.

2. The debtor Charles Stallings failed to file federal tax returns for tax years 1981, 1982 and 1983 until March of 1987. These 1983 and 1982 tax returns are marked as received by the Internal Revenue Service on March 25, 1987, the same date these were signed by debtor. The 1981 tax return is marked as received by the Internal Revenue Service on March 30, 1987; also the same date signed by the debtor.[3]

3. These returns are filed as "married filing single," and the returns are *not* signed by the wife of debtor Charles Stallings. The tax returns themselves provide signature lines for each spouse and expressly state in the signature block: "if joint return, both must sign." These returns showed the following federal tax income liability of Charles Stallings: $2037.75 for 1981; $2308.49 for 1982; and $2277.00 for 1983.

4. The amounts shown on these respective tax returns reflect income taxes only, based upon the total wages reported by debtor and credit for taxes withheld from his employer, and the amounts on these returns do not include penalties for failure to timely file and timely pay federal income taxes or statutory interest accruals thereon.

5. The debtor Charles Stallings filed amended tax returns dated May 29, 1989, which were signed by him *and* his wife, Gladys K. Stallings, as "married filing jointly."

6. The tax liability shown on the amended return for these years was substantially reduced by virtue of the election of married filing jointly. Gladys Stallings, the wife of Charles Stallings for these years, apparently did not have any taxable income for these years, since the taxable income on the amended returns was the same as the

income reported by Charles Stallings on his initial returns in March of 1987.

7. The debtor Charles Stallings remitted a check for the amount of tax liability shown in the amended returns, for which the Internal Revenue Service has given him credit. However, the tax liability also included interest accruals and penalties for delinquent returns and payment of taxes.

8. Debtor Charles Stallings knew of his obligation to file federal tax returns and to pay federal income taxes. Indeed, he testified that he had prepared tax returns for himself for earlier tax years, and he did not provide an explanation as to why he failed to file timely tax returns for the tax years in issue until 1987, or otherwise timely pay his federal income taxes for these years.

9. Moreover, the debtor Charles Stallings was contacted by the Internal Revenue Service on numerous occasions regarding his delinquent tax returns. Vonda Hoagland of Special Procedures, Internal Revenue Service testified that records of the Internal Revenue Service reflected correspondence was sent to Charles Stallings regarding his delinquent returns, and she also stated that Internal Revenue Service procedure provided for a revenue officer to secure delinquent tax returns if a taxpayer did not respond to such correspondence. She further testified, however, that, pursuant to record retention provisions within the Internal Revenue Service, the administrative file for collection was destroyed, so she could not say for certain a revenue officer had contacted the debtor or how the returns were secured, except that said returns had been filed on the aforementioned dates in March of 1987.

The debtor Charles Stallings confirmed that he was contacted by a revenue officer regarding the delinquent returns.

10. The position of the debtor is that a revenue officer of the Internal Revenue Service assisted in the preparation of the returns signed by him for 1981, 1982 and 1983, and that the revenue officer knew or had reason to know he was, in fact, married, and that the revenue officer should

---

**3.** This finding is supported by testimony of debtor Charles Stallings and Vonda Hoagland of

Special Procedures, Internal Revenue Service, as well as tax returns introduced as exhibits.

have given him the tax benefit of married filing jointly, rather than married filing single.

11. The United States does not confirm or deny that a revenue officer was involved in securing the federal tax returns for 1981, 1982 and 1983 filed on March 27, 1987. Rather, Ms. Hoagland of Special Procedures testified that such action to secure delinquent tax returns is part of the duties of a revenue officer.

12. The debtor's objection states, "[d]ebtor did not file a tax return for the years 1981 through 1985 until May 18, 1987." This allegation is incorrect. Tax returns for these years have been introduced as exhibits by stipulation of both parties as to authenticity of tax returns for 1981, 1982 and 1983, which were filed in March of 1987. Attached to the Objection are amended tax returns which are dated May 29, 1987.

13. The Objection further alleges:

On May 18, 1987, he [the debtor Charles Stallings] filed a tax return for the year 1981. His tax liability was $3,777.00 and his withholding was $3,279.00. He owed $498.00, which he paid. His only liability would have been for a late filing and a penalty on $498.00. The Internal Revenue Service has assessed a tax due of $655.62 and interest of $3,560.43. Such interest would be an impossible rate of interest.

For December 1982, Debtor had a tax liability of $2,626.00, withholding of $2,201.00 and taxes owing of $425.00, which he paid at the time he filed. Penalties could have only been assessed for a late filing and interest on $425.00 for four years.

A 1983 tax return showed a liability of $2,674.00, withholding of $2,339.00 and a tax owing of $335.00 which were paid at the time of filing.[4]

The above-stated amounts reflect amounts shown in the *amended* tax returns, not the initial tax returns. Since the amended returns were not accepted by the Internal Revenue Service, the interest and penalties reflected in the proof of claim are *not* "an impossible rate of interest," but represent statutory interest and penalties computed on taxes due shown on the tax returns for these years filed in March of 1987.

14. There is no indication that Gladys Stallings, wife of debtor for those tax years, had any taxable income, or any legal obligation to file a federal tax return. In any event, she is not in bankruptcy, nor otherwise a party to this action.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction to determine the tax liability of the debtor. Section 505 of the Bankruptcy Code (11 U.S.C.).

2. The proof of claim for internal revenue taxes is *prima facie* evidence of the federal tax liability of the debtor. The proof of claim constitutes *prima facie* evidence of the validity and amount of the claim, even in the presence of objections. Rule 3001(f) of the Bankruptcy Rules. Section 502(a) of the Bankruptcy Code (11 U.S.C.). Accordingly, the burden of going forward with the evidence in opposition to a claim is on the debtor Charles Stallings.

---

4. The Objection also states:
For the tax year 1984, the tax liability was $2,668.00, withholding was $2,306.00, taxes owed were $362.00 and were paid at the time of filing.
For the tax year 1985, the tax liability was $3,490.00, withholding was $3,056.00 and taxes due were $434.00, which were paid at the time of filing the return.
For the tax year 1986, his liability was $2,997.00, withholding was $2,599.00, taxes owed were $398.00 which were paid at the time of filing.
For the tax year 1987, his refund was applied to back taxes. The Internal Revenue Service's claim of $19,886.16 is at least $17,-000.00 high computing it in the method most favorable to the Internal Revenue Service, and Debtors state that they don't owe any money to the Internal Revenue Service.
However, as noted herein, the United States has stated that it is amending its claim, in order to allow the amended returns for 1984, 1985 and 1986, because the amended returns are timely as to these tax years. The debtor testified at the evidentiary hearing that the objection was not being pursued as to the tax liability for 1987 shown on said claims.

3. The federal income tax returns of the debtor Charles Stallings were due as follows: April 15, 1982 for tax year 1981; April 15, 1983 for tax year 1982; and April 15, 1984 for tax year 1983. Section 6501(b)(2) of the Internal Revenue Code (26 U.S.C.).

4. The Internal Revenue Service is mandated with the responsibility to collect taxes imposed by the Internal Revenue Code. See Section 6301 and related provisions generally of the Internal Revenue Code (26 U.S.C.).

5. The delinquent tax returns for the debtor Charles Stallings filed on March 25, 1987, were *not* signed by Betty Stallings, and the returns were filed "married filing single."

6. Subsection (b) of Section 6013 of the Internal Revenue Code (26 U.S.C.) allows taxpayers to file amended returns to elect joint status, and provides in part:

"... if an individual has filed a separate return for a taxable year for which a joint return could have been made by him and his spouse ... and the time prescribed by law for filing the return for such taxable year has expired, such individual and his spouse may nevertheless make a joint return for such taxable year ..."

(2) LIMITATIONS FOR MAKING OF ELECTION. The election ... may not be made—

(A) unless there is paid in full at or before the time of the filing of the joint return the amount shown as tax upon such joint return; or

(B) after the expiration of 3 years from the last date prescribed by law for filing the return for such taxable year (determined without regard to any extension of time granted to either spouse) ..."

7. Because the amended returns claiming a joint return were filed May 29, 1987, *more* than three years from the date the tax returns were due, the debtor Charles Stallings was barred by the statute of limitations from electing to file a single return as "married filing jointly" for these tax years.

8. Section 6013 of the Code (26 U.S.C.) provides a husband and wife may make a single return jointly of income taxes, but this is an *election* to be made by *both* taxpayers, whereby they are *each* jointly and severally liable for the taxes due thereon.

9. Because Gladys Stallings did not apparently have any taxable income, she was not required to file a federal tax return. See Section 6012 which specifies all persons having taxable income exceeding the exception amount must file a federal income tax return. Regardless, the tax returns filed in March of 1987 were not executed by her, nor was there *any* legal obligation for her to have elected or otherwise consented to the single return filed jointly. As a matter of law, the tax returns in March of 1987 were filed by debtor Charles Stallings as "married filing single."

10. The debtor Charles Stallings is liable for failure to file tax returns and failure to pay income taxes because of the delinquent tax returns for these tax years. Section 6651 of the Internal Revenue Code (26 U.S.C.). He is also liable for statutory interest on such underpayments until the date of the petition for bankruptcy. Sections 6601 and 6621 of the Internal Revenue Code (26 U.S.C.).

Based upon the foregoing findings of fact and conclusions of law, the Objection to the proof of claim for Internal Revenue taxes must be denied, notwithstanding that the parties have stipulated as to an amended claim being filed for tax years 1984, 1985 and 1986 for which the tax returns of Charles Stallings were timely amended.