**In re Lynne HERNANDEZ, Debtor.**

**UNITED STATES of America, Appellant,**

v.

**Lynne HERNANDEZ and Linda B. Gore, Chapter 13 Trustee, Appellees.**

Civ. A. No. 94–AR–1459–E.

United States District Court,
N.D. Alabama,
Southern Division.

July 29, 1994.

George C. Batcheler, Claude Harris, U.S. Attys. Office, Birmingham, AL, Cynthia Lewis Stier, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant.

Charles D. Martin, McCord & Martin, Gadsden, AL, for appellees.

### MEMORANDUM OPINION

ACKER, District Judge.

This court has before it an appeal by the United States of America from the Bankruptcy Court for the Northern District of Alabama. Based on an alleged lack of service under Bankruptcy Rules 9014 and 7004(b)(4) and (5) of the Bankruptcy Code, appellant, United States, challenges the Bankruptcy Court's jurisdiction to enter orders binding upon it.

## Undisputed Pertinent Facts

On November 29, 1993, debtor, Lynne Hernandez, filed a Contest of Claim objecting to a Proof of Claim filed by the Internal Revenue Service (IRS) on behalf of the United States. While debtor mailed a copy of her Contest of Claim to the IRS's Special Procedures Function, she failed to serve the Contest of Claim or a notice of hearing on either the United States Attorney for the Northern District of Alabama or on the Attorney General of the United States.

The Bankruptcy Court held a hearing to confirm the debtor's Chapter 13 plan on January 5, 1994. Neither the United States Attorney nor the Attorney General was present. Although the IRS knew about the hearing, no IRS representative attended. Apparently, as a result of several phone conversations between the debtor's counsel and the IRS, the IRS thought any issues raised by the contest had been resolved. On January 6, 1994, the Bankruptcy Court confirmed the debtor's plan and sustained the debtor's contest of the IRS claim.

On March 21, 1994, the United States motioned the Bankruptcy Court to vacate its orders[1] sustaining the debtor's Contests of Claims on the grounds that the Bankruptcy Court lacked jurisdiction over the United States. After a hearing on April 27, 1994, the Bankruptcy Court denied the United States' motion on May 3, 1994. The United States appealed.

### Standard of Review

Under Bankruptcy Rule 8013, this court reviews the Bankruptcy Court's factual determinations under a clearly erroneous standard. However, the Bankruptcy Court's conclusions of law are reviewed under a de novo standard. In re Schlein, 8 F.3d 745, 747 (11th Cir.1993); In re Sublett, 895 F.2d 1381, 1383–84 (11th Cir.1990); see also 28 U.S.C. § 158(a), (c).

## Conclusions of Law

■ The Bankruptcy Court's decision is due to be vacated and reversed. Bankruptcy Rule 9014, entitled Contested Matters, governs this debtor's Contest of Claim. See United States v. Oxylance Corp., 115 B.R. 380, 381 (N.D.Ga.1990). Bankruptcy Rule 9014 provides that service of process of any motion for relief in a contested matter must comply with Bankruptcy Rule 7004. Bankruptcy Rule 7004(b)(4) allows for service of process upon the United States by first class mail, postage prepaid, "by mailing a copy of the summons and complaint to the United States Attorney for the district in which the action is brought and also the Attorney General of the United States at Washington, District of Columbia."

■ A Chapter 13 debtor's failure to adhere to Bankruptcy Rule 7004(b)(4) in serving process upon the United States is ground for reversal for lack of jurisdiction. In re Simms, 33 B.R. 792, 793 (N.D.Ga.1983); In re Morrell, 69 B.R. 147 (N.D.Cal.1986). In Simms, a case directly on point with the case at bar, the United States appealed a Bankruptcy Court's order sustaining the debtor's objection to a Proof of Claim filed by the IRS on behalf of the United States. Simms, 33 B.R. at 792. While the debtor filed objection to the Proof of Claim with the court and provided a copy to the IRS, it failed to serve a copy of the objection upon the United States under Bankruptcy rule 7004(b)(4). Simms, 33 B.R. at 792–93. Realizing that this failure to serve was fatal to jurisdiction, the United States neither responded to the debtor's objection nor appeared at the confirmation hearing. Simms, 33 B.R. at 792. After citing the service requirements of Bankruptcy Rule 7004(b)(4), the Simms court pointed out that service upon the IRS does not satisfy Bankruptcy Rule 7004(b)(4)'s criteria for service upon the United States.

---

1. Orders is plural here because debtor filed a second Contest of Claim objecting to a second proof of claim filed by the IRS. However, the Bankruptcy court addressed the second contest and its validity on April 27, 1994 when it held a hearing on the United State's motion to vacate. At the hearing, the Bankruptcy Judge found that "the February 24, 1994, order in this case is really of no effect." Transcript of Hearing on Motion for Reconsideration of Order Sustaining Contest of Claim, p. 15. Therefore, the order at issue here is the sustaining of the original Contest of Claim entered on January 6, 1994 and the Bankruptcy court's order denying the United State's motion to vacate.

*Simms,* 33 B.R. at 793. Accordingly, that District Court reversed the Bankruptcy Court and ordered the debtor to properly serve its objections upon the United States. *Id.*

■ As previously mentioned, the case at bar is nearly identical to that in *Simms.* Like *Simms,* Hernandez filed a Contest of Claim objecting to the Proof of Claim filed by the IRS but failed to serve the Contest of Claim or a notice of hearing either on the United States Attorney for the Northern District of Alabama or on the Attorney General of the United States. The Bankruptcy Court held a confirmation hearing which neither the United States Attorney nor the Attorney General attended. When the Bankruptcy Court sustained Hernandez's Contest of Claim it was acting without jurisdiction as to the United States.

The fact that the United States in *Simms* appealed the sustained objection whereas the United States here is appealing a denial of a motion to vacate the sustained objection has no effect on the precedential value of *Simms.* Believing that the *Simms* court was correct, the decision of the Bankruptcy Court will, by separate order, be reversed and the matter remanded.