In re Carl F. CARSON, Lynda L. Carson, Debtors.

Carl F. CARSON, Lynda L. Carson, Appellants,

v.

UNITED STATES of America INTERNAL REVENUE SERVICE, Appellee.

No. EV 97–75–C–B/H. Bankruptcy No. 96–71580–BHL–13.

United States District Court, S.D. Indiana, Evansville Division.

May 29, 1998.

Carl F. Carson, Tell City, IN, pro se.

Lynda L. Carson, Tell City, IN, pro se.

Diane L. Worland, Internal Revenue Service, Indianapolis In, Jeffrey L. Hunter, United States Attorney's Office, Indianapolis, IN, Karen A. Smith, U.S. Dept. of Justice-Tax Division, Washington, DC, for Appellee.

Donald L. Decker, Terre Haute, IN, Chapter 13 Trustee.

### ENTRY DISCUSSING BANKRUPTCY APPEAL

YOUNG, District Judge.

This is an appeal by debtors Carl Carson and Lynda L. Carson from the final judgment of the Bankruptcy Court entered on April 22, 1997, concluding that the United States was entitled to prevail in its proof of claims filed in the debtors' bankruptcy. The Carsons have thoroughly presented their arguments on appeal, but for the reasons ex-

plained in this Entry the judgment of the Bankruptcy Court must be affirmed.

## I. Background

The United States filed a proof of claim for tax liability in the Carsons' bankruptcy. A portion of the United States' claim related to the Carsons' liability for federal income tax, interest and penalties, and the balance related to the Carsons' tax and penalty liabilities under 26 U.S.C. § 6672 for failing to pay payroll withholding taxes. The Carsons filed a motion pursuant to 11 U.S.C. § 505(A)(1). After a trial on the motion, the Bankruptcy Court made a determination that the tax liability was valid, and it is from that determination that the Carsons appeal.

## II. Applicable Law

The Bankruptcy Code addresses the ability of the bankruptcy court to make determinations of tax liability:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1). The normal procedure to determine the amount of a tax debt is for the debtors (or the IRS) to file a motion requesting that the bankruptcy court make the determination under Section 505. *In re Horton*, 95 B.R. 436, 440 (Bankr.N.D.Tex. 1989) (determining a § 6672 liability pursuant to § 505). This determination should be made under Rule 9014, which governs contested matters, because it does not fall within adversary proceedings as delineated by Rule 7001. *See Whelan v. United States (In re Whelan)*, 213 B.R. 310, 313 (Bankr.W.D.La. 1997); *Horton*, 95 B.R. at 442 n. 1.

Under Rule 9014, "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." *Fed. R. Bankr.P.* 9014. The motion should state with particularity the grounds and the relief desired. *Fed. R. Bankr.P.* 9013.

The Bankruptcy Code pertinently provides: "A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The Carsons' Section 505(a)(1) motion certainly amounted to an objection to the United States' proof of claim.

Bankruptcy Rule 3001(f) provides that a "proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." In some cases, there has been a question concerning which litigant should bear the burden of proof during the litigation of objections to federal tax claims in cases under Title 11. *See* 1A **Collier on Bankruptcy** ¶ 12.03[5] (Lawrence P. King ed., 15th Ed.1995). No burden of proof problem is presented here. The Bankruptcy Court conducted a trial on the United States' proof of claim, the United States went forward as if the burden of proof rested with it, and the Bankruptcy Court's findings establish that the United States met its burden of proof.

## III. Discussion

The nature and amounts of tax liability determined through the prior proceedings in this action need not be reviewed in detail because this is not a case in which the Carsons contend that their tax liabilities have been miscalculated, other than in relation to the fundamental question of whether the tax laws applied to the Carsons and their income-producing activities during the periods of time in question. Thus, the Carsons contend that they are not "taxpayers" *subject to* federal taxation.

The Carsons' arguments in this action can be best addressed by identifying the questions posed in their appeal.

First, the Carsons appear to be uncertain about or troubled by the nature of the federal income tax. Since 1916, the United States Supreme Court has construed the federal income tax as an indirect tax authorized under Article I, Section 8, Clause I of the United States Constitution, as amended by the Sixteenth Amendment. *See Brushaber v. Union Pac. R.R.*, 240 U.S. 1, 11, 16–19, 36 S.Ct. 236, 60 L.Ed. 493 (1916).

Second, the Carsons are mystified concerning the source and effect of their liability under the federal income tax. Section 1 of the Internal Revenue Code imposes a federal tax on the taxable income of every individual. 26 U.S.C. § 1 (1994). Section 63 defines "taxable income" as gross income minus allowable deductions. 26 U.S.C. § 63 (1994). Section 61 states that "gross income means all income from whatever source derived," including compensation for services. 26 U.S.C. § 61 (1994). Sections 6001 and 6011 provide that a person must keep records and file a tax return for any tax for which he is liable. 26 U.S.C. §§ 6001, 6011 (1994). Finally, Section 6012 provides that every individual having gross income that equals or exceeds the exemption amount in a taxable year shall file an income tax return. 26 U.S.C. § 6012 (1994). The duty to pay federal income taxes therefore is "manifest on the face of the statutes, without any resort to IRS rules, forms or regulations." *United States v. Bowers*, 920 F.2d 220, 222 (4th Cir.1990). With respect to the penalties, Section 6651 provides that in the case of "a failure to file any return ... on the date prescribed therefor, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount...." 26 U.S.C. § 6651(a).

Third, the Carsons assert that their wages and compensation are not "income." Federal courts have all agreed that wages or compensation for services constitute income and that individuals receiving income are subject to the federal income tax—regardless of its nature. *See, e.g., United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir.1991); *Coleman v. Commissioner of Internal Revenue*, 791 F.2d 68, 70 (7th Cir.1986) ("Wages are income, and the tax on wages is constitutional.") (citations omitted).

Fourth, the Carsons are of the view that they are citizens of Indiana, not of the United States, that they are United States' "nationals" and that the federal income tax obligation which Congress has seen fit to impose does not reach persons such as themselves—being "outside" the United States or at least outside the territorial and legal reach of Congress' power of taxation. This position is frivolous. *See United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993); *United States v. Sloan*, 939 F.2d at 500–01. The Carsons are "persons" and are subject to the federal income tax.

### IV. Conclusion

The findings of fact made by the Bankruptcy Court are supported by the evidentiary record which was submitted to it. The Bankruptcy Court's conclusions of law were entirely correct, and the Carsons' laborious arguments otherwise are based on unpersuasive, discredited and incorrect authorities and assumptions. The judgment entered by the Bankruptcy Court sustaining the United States' liens and its proof of claim must therefore be **AFFIRMED**.

**IT IS SO ORDERED.**