**In re Lloyd John OCHAB and Eleanor Z. Ochab, Debtors.**

No. 95–12972.

United States Bankruptcy Court, S.D. Alabama.

Dec. 8, 1999.

674

William Poole, Mobile, AL, for the Debtors.

Charles Baer, Mobile, AL, for the United States.

ORDER GRANTING THE MOTION OF THE INTERNAL REVENUE SERVICE FOR RELIEF FROM THIS COURT'S DECEMBER 4, 1996 ORDER

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of the United States of America,

Internal Revenue Service Division, for relief from the order of this Court granting the motion of Lloyd and Eleanor Ochab to amend their schedules and chapter 13 plan to include taxes for the 1995 calendar year. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the motion of the United States is granted.

FACTS

1. Lloyd and Eleanor Ochab filed for relief pursuant to chapter 13 of the Bankruptcy Code on November 1, 1995.

2. The Ochabs' plan was confirmed on January 19, 1996. The plan provided the Internal Revenue Service with a priority claim.

3. On November 7, 1996, the Ochabs filed a motion to amend their schedules and chapter 13 plan to include federal taxes for the 1995 calendar year in the amount of $24,000. The motion was served on the Internal Revenue Service at P.O. Box 1233, Charlotte, NC 28201–1233. According to the Ochabs' schedules, this was the IRS office that seized a checking account of the Ochabs in September 1995.

4. No objections to the motion of the Ochabs' to amend were filed. The motion was granted on December 4, 1996.

5. The IRS never filed a claim for the 1995 taxes. Therefore, the chapter 13 trustee did not distribute any amounts for this claim.

6. The Ochabs completed their chapter 13 payments on November 23, 1998. The IRS received distributions over the life of the plan totaling $ 56,039.06. This amount covered the priority tax claims of the IRS.

7. The Court granted the debtors a chapter 13 discharge and closed their bankruptcy case on February 8, 1999.

8. On November 5, 1999, the IRS moved to reopen the Ochabs' case and for relief from the December 4, 1996 order of this Court granting the motion of the Ochabs' to amend their schedules and plan.

LAW

The IRS contends that it was not properly served with the Ochabs' November 7, 1996 motion to amend. The motion of the IRS turns on how the Ochabs' were required to serve their motion to amend. Were they required to follow the rules governing contested matters or a different notice provision specifically governing motions like the Ochabs'?

■■■ The Ochabs' motion sought to amend their chapter 13 plan and schedules to include their 1995 calendar year taxes. A claim for taxes is a postpetition claim when the taxes are legally due and owing postpetition. *United States v. Ripley (In re Ripley)*, 926 F.2d 440 (5th Cir.1991). The Ochabs filed their bankruptcy petition in November 1995. The earliest date on which their taxes for the 1995 calendar year could have been due and owing was at the close of the 1995 tax year, i.e., December 31, 1995. *Dixon v. IRS (In re Dixon)*, 218 B.R. 150 (10th Cir. BAP 1998) (taxes are "payable" at close of tax year); compare, *Ripley*, 926 F.2d at 446 (taxes become payable when tax return is due). Therefore, the 1995 taxes were a postpetition claim of the IRS.

■■■ Section 1305(a) of the Bankruptcy Code permits the IRS to file a claim for taxes that become payable postpetition, but it does not authorize a chapter 13 debtor to take this action on behalf of the IRS. *In re Haith*, 193 B.R. 341 (Bankr. N.D.Ala.1995) (debtor cannot include postpetition debt in chapter 13 plan over credi-

tor's objection). The motion of the Ochabs to amend sought to put postpetition taxes in their chapter 13 plan. Fed. R. Bankr.P. 9014 governs matters other than adversary proceedings, unopposed administrative matters, and matters otherwise provided for in the Bankruptcy Rules. The Bankruptcy Rules do not expressly provide a procedure governing debtor motions to amend chapter 13 plans to include postpetition debt. See, e.g., Rule 6004(a) governing motions to sell property and Rule 2002 (a) and (f) governing numerous motions. Rule 9014 provides a catch-all procedure for situations not exactly covered by other rules. *In re Transouth Truck Equipment, Inc.* 87 B.R. 937 (Bankr.E.D.Tenn.1988). In addition, the motion of the Ochabs was not an unopposed administrative matter. To the contrary, it altered the right of the IRS to have its postpetition claim treated outside of the Ochabs' bankruptcy case. Accordingly, the motion of the Ochabs was a contested matter governed by Rule 9014.

■■ A Rule 9014 contested matter is commenced by a motion served in the manner provided in Fed. R. Bankr.P. 7004. Rule 7004(b)(4) permits service of a contested matter on the United States by mailing the motion to the U.S. attorney for the district in which the motion is brought and to the Attorney General of the United States at Washington, District of Columbia. The Ochabs only served their motion on the office of the IRS in Charlotte, North Carolina. The Ochabs' failure to serve the required representatives of the United States rendered the Court without personal jurisdiction over the IRS. *United States v. Hernandez (In re Hernandez)*, 173 B.R. 430 (N.D.Ala.1994). Accordingly, the judgment is void pursuant to Fed. R.Civ.P. 60(b)(4) which applies to contested matters pursuant to Fed. R. Bankr.P. 9024. *Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir.1999); *Atlanta Gas Light Co. v. Semaphore Advertising, Inc.*, 747 F.Supp. 715, 720

(S.D.Ga.1990). This is true notwithstanding the failure to the IRS to challenge the order for almost three years. *Hertz Corp. v. Alamo Rent–A–Car, Inc.*, 16 F.3d 1126 (11th Cir.1994) (there is no time limit for attacking a judgment that is void). [1The Eleventh Circuit recognized in dicta that exceptional situations may require diligence on the part of the movant seeking relief from an order that is void. *Hertz, Corp.*, 16 F.3d at 1130 n. 8. Based on the evidence presented, the Court finds that this case does not involve an "exceptional situation." However, a three year time lapse may create a very difficult situation for these debtors who paid the bulk of their tax debt. If the debtors file a new Chapter 13 case to deal with the remaining IRS debt, the Court will look favorably on any reasonable plan of repayment.]1

THEREFORE, IT IS ORDERED AND ADJUDGED that this Court's order of December 4, 1996, to the extent that it granted the motion of the Ochabs to amend their schedules and chapter 13 plan to add taxes owed for the 1995 calendar year to the United States in the amount of $24,000, is void and the motion of the United States for relief from that order is GRANTED.